IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN OWEN BURKETT                                                                          PLAINTIFF

        v.                    Civil No. 6:10-cv-06085

SHERIFF PRESTON GLEN, Pike
County, Arkansas; CHIEF DEPUTY
JACK NARON, Pike County Jail; and
JAIL ADMINISTRATOR SARAH HANEY,
Pike County Jail                                                            DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

John Owen Burkett filed this case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Defendants have filed a motion for partial judgment on the pleadings (ECF No. 8) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff did not file a response to the motion. The motion is before me for issuance of this report and recommendation.

**1.  Background**

Plaintiff is incarcerated in the Pike County Detention Center. He filed this civil rights case on November 17, 2010, contending his constitutional rights are being violated in three ways. First, he states that mail is not delivered to the inmates on weekends. Second, he maintains that inmates are not allowed to have books, magazines, or newspapers. Finally, he maintains that Defendants refuse to answer and return grievances in a timely manner.

### 2. Applicable Standard

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendants maintain no plausible claim is stated with regard to the failure to deliver mail on the weekends and the failure to process grievances. I agree.

Inmates have a First Amendment right of free speech to send and receive mail. *Hudson v. Palmer*, 468 U.S. 517, 547 (1984). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment."

*Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125 (1977).  Restrictions on this First Amendment right are valid "only if [they are] reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987).  "[E]conomic factors may . . . be considered . . . in choosing the methods used to provide meaningful access.  But the cost of protecting a constitutional right cannot justify its total denial." *Bell-Bey v. Williams*, 87 F.3d 832, 838 (8th Cir. 1996)(*citing Bounds v. Smith*, 430 U.S. 817, 824-25 (1977)).

      Here, Plaintiff has not suggested there is any ongoing practice of censorship. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)(Plaintiff must show regular and unjustifiable interference-- an isolated incident of mail tampering is usually insufficient to establish a constitutional violation). "[M]ere delay in delivery of prisoner mail, especially delay that occurs over the weekend, is not unreasonable and thus fails to raise a constitutional question."  *Valiant-Bey v. Morris*, 829 F.2d 1441, 1444 n. 5 (8th Cir. 1987).

      Next, "no constitutional right was violated by defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(citation omitted).  "Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000)(*citing Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).  A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." *Id*. (citation omitted).  "[A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

### 4.  Conclusion

      For the reasons stated, I recommend that the motion for partial judgment on the pleadings

(Doc. 8) be granted.  Specifically, I recommend the motion be granted with respect to the claims stemming from the alleged failure of Defendants to deliver mail on the weekends and the claims regarding an inadequate grievance procedure.  This leaves for later consideration Plaintiff's claims that inmates are denied access to books, magazines, and newspapers.

      **The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **DATED this 14th day of September 2011.**

    /s/ Barry A. Bryant  
    HON. BARRY A. BRYANT  
    UNITED STATES MAGISTRATE JUDGE